### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### UNITED STATES GYPSUM COMPANY, Respondent.

No. 17804.

United States Court of Appeals Sixth Circuit.

May 9, 1968.

Gary Green, National Labor Relations Board, Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Allen J. Berk, Attys., National Labor Relations Board, Washington, D. C., on the brief.

Harold D. Burgess, Chicago, Ill., for respondent, John A. McDonald, Chicago, Ill., on the brief, Spray, Price, Hough & Cushman, Chicago, Ill., of counsel.

Before O'SULLIVAN, PHILLIPS and McCREE, Circuit Judges.

PER CURIAM.

This case involves a de minimus labor dispute which the Board developed into an unfair labor practice proceeding and filed an enforcement petition. The Board's decision and order are reported at 155 N.L.R.B. 1216.

In 1964 at a Board supervised election the majority of the members of the unit selected the International Union of Electrical, Radio & Machine Workers, AFL-CIO, as bargaining representative. Included in the unit were forty-three department operators possessing limited managerial functions who were ruled not to be supervisors. 148 N.L.R.B. 1640. On December 1, 1964, respondent withdrew managerial functions from three department operators, resulting in a small reduction in pay. At least two of these operators had voted against the

---

Union; the attitude of the third operator toward the Union is not reflected in the record. A fourth operator, who had been a strong advocate of the Union, was promoted to foreman with an increase in compensation.

Promptly after the election respondent entered into negotiations with the Union, culminating in the execution of a collective bargaining agreement on April 30, 1965. The matter of the reclassification and pay reduction of the three department operators was never mentioned by the Union during negotiations, although the Union in the interim had filed an unfair labor practice charge with the Board.

On November 29, 1965, the Board announced its decision finding respondent guilty of violating Sections 8(a) (1), (3) and (5) of the Act for its reclassification of the three departmental operators by unilateral action rather than by discussing the matter with the Union. The Board entered its usual order requiring compliance within twenty days.

The brief of respondent states that on December 16, 1965, within twenty days of the Board's decision and for the purpose of avoiding an enforcement proceeding, respondent reinstated the three employees to the classification of shipping department operator at their former rate of compensation and paid them backpay for the entire period since December 1, 1964, in compliance with the order of the Board. During the oral argument respondent's counsel stated that notice was posted as required by the order of the Board. After these three employees had been paid their backpay in full, the Union was notified of a subsequent reclassification of these three employees, one of whom received a permanent promotion. No grievances were ever filed pursuant to the collective bargaining agreement.

Although the record is silent as to whether the Regional Director was notified of compliance, the Board had notice of respondent's asserted compliance at least from the date of the filing of respondent's brief in this Court on August 1, 1967.

 Although we recognize that voluntary compliance with an order of the Board does not render an enforcement proceeding moot, we conclude under the facts here presented that this is a case in which a minimum amount of investigation by the Board would have avoided pursuing the enforcement petition on the heavily congested docket of this Court.

Enforcement is denied.